UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HENRY RICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:10-CV-371 JD |
| v. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Henry Rice, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding [DE 1]. The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Rice was found guilty by a Disciplinary Hearing Body ("DHB") at Indiana State Prison of possessing an electronic device [DE 1 at 1]. He was sanctioned with 15 days lost earned time credits (suspended) and a loss of commissary privileges for 15 days [*Id.* at 4]. After the guilty finding, the warden suspended Rice's contact visitation privileges for six months pursuant to Administrative Procedure 02-01-102, finding him to be a threat to the safety of the facility [*Id.* at 4-5].

Rice raises two claims in his petition, both of which center around the restriction on contact visits imposed by the warden [DE 1 at 3-4]. The loss of contact visitation privileges is not a sanction that Rice can challenge in a habeas action. A prison disciplinary sanction can only be challenged in a habeas proceeding if it lengthens the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998). The contact visit restriction Rice challenges did not lengthen the duration of his confinement, and accordingly, he cannot challenge the sanction in this proceeding.

Because Rice is essentially challenging the conditions of his confinement rather than the duration, 42 U.S.C. § 1983 would be the proper vehicle for raising his claims. *Hadley*, 341 F.3d at 664. Although Rice is free to file a Section 1983 action, it would be fruitless for him to pursue this path because his claims have no merit.

Rice claims that imposition of the contact visit restriction violated his due process rights because the offense for which the DHB found him guilty "had nothing to do with the visiting area" [DE 1 at 3]. However, the Due Process Clause does not protect against every change in the conditions of confinement having an adverse impact on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life.[1] *Id.* This is a high standard; even transferring a prisoner from the general population to a segregation unit does not present an "atypical, significant deprivation" and is "within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. A temporary restriction on contact visits is certainly less of a hardship then being placed in segregation. Furthermore, inmates have no independent due process right to visitation or to particular forms of visitation. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989); *see also Block v. Rutherford*, 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when

---

[1] If Rice were complaining about the loss of earned time credits, he would be entitled to certain due process protections, namely: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the DHB's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Rice's claims, however, are focused entirely on the contact visit restriction imposed by the warden.

responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility."); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) ("[V]isitation privileges are a matter subject to the discretion of prison officials.").

Rice also claims that the warden violated double jeopardy principles by imposing the contact visit restriction on him after he had been sanctioned by the DHB for the same conduct [DE 1 at 4]. There is, however, no restriction on multiple punishments in the prison disciplinary context. The Double Jeopardy Clause, applicable to the states through the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, but its scope is limited to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519 (1975). Prison discipline does not constitute "prosecution" for double jeopardy purposes. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (holding that an acquittal in an earlier prison disciplinary hearing did not bar a subsequent hearing to consider the very same charge); *Garrity v. Fiedler*, 41 F.3d 1150, 1152–53 (7th Cir. 1994) (holding that prison disciplinary proceedings do not bar a subsequent criminal prosecution for the same offense).

For these reasons, the petition [DE 1] is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. Rice is free to pursue his claims in an action under 42 U.S.C. § 1983, subject to all of the normal constrains of the Prison Litigation Reform Act.

SO ORDERED.

ENTERED: October 5, 2010

/s/ JON E. DEGUILIO
Judge
United States District Court